Next case will be 097120, Gardin v. the Secretary of Veterans Affairs, Ms. Piong. Good morning. Mr. Gardin challenges the CAVC's endorsement of the board's misinterpretation of the governing statutes and regulations pertaining to the types of evidence that may support a veteran's claim benefits. He also challenges the validity of the rule of law that the board apply regarding certain of his medical evidence. I'd like to start with my second argument first. The Board of Veterans Appeals improperly discounted medical evidence that Mr. Gardin had diabetes during service solely because the physician did not review the claims file. Specifically, the board discounted in May 2004 medical reports stating that Mr. Gardin had diabetes that began in his early 20s while he was in the service because the physician did not review the claims file. The CAVC affirmed the board on this basis. This is contrary to CAVC precedent and legal error that requires remand to the BVA to consider the medical evidence under the correct legal standard. You're speaking of Dr. Sexton's report. Why would not a doctor who issues a report that Dr. Sexton did not look back to the entire medical record in order to assure himself or herself that the record is complete and that the diagnosis that he is endorsing at that point in time would have a basis for the diagnosis on the entire medical record? I don't know why he would not look back or if he did look back through other medical records but this is an insidious disease as the statutes recognize and the advanced state of Mr. Gardin's disease at the time that Dr. Sexton saw him, including the retinopathy and the neuropathy, he was at such an advanced stage, he may have made the medical determination that this disease process had to be going on for a very long time. There would also be that he relied totally on the veteran's statements at that point in time? I don't know the answer to that. There's no indication one way or the other and regardless, the board did not reject or discount that testimony or that evidence on that basis. They discounted solely on the basis that the physician did not review the claims file. It's pretty clear at record 214 that they state, to the top of the page of 214, the report does not suggest that actual service medical records were reviewed in determining that diabetes was present during service. That is the only statement the board made with regard to that particular report and at A2, the CAVC stated at the very top, first full paragraph, further, the board discounted another medical report because the medical examiner did not review the claims file when reaching his determination that Mr. Gardin had had diabetes during service. If the board had had the same sentence that they have in the final two paragraphs of A213, in particular the two sentences that analyze each of the other reports say it's presumed that the information was provided by the veteran, if that sentence had likewise appeared in the paragraph that you're referring to, would you still be arguing this would be an error? I'd have to find another argument. I certainly wouldn't be arguing that they didn't say that. Aren't you a little worried that all that's going to happen to Mr. Gardin is that on remand they're going to add that sentence? I mean, is there something in that medical evidence that I, I mean, obviously I'm not... Well, I think there is in the, if you go back to his medical records, but I want to take you back to the original board decision where the board actually found Mr. Gardin's testimony competent of symptoms of diabetes during service, meaning excessive thirst and craving of sweets. And then I'm going to direct you to that, it's at A50, hold on a second, I had it marked, six. In this, at the second full paragraph, in this regard, the veteran's lay testimony is competent to note symptoms he experienced in service, such as the cravings of sweets and excessive thirst. And the rule 3.307c says that the, that there need be no diagnosis during service or during the presumptive period, but only that there were acceptable medical or lay evidence of character manifestations of the disease. So I believe that if we go back on, on remand to the board, Mr. Gardin can point out to the board that the board already found certain testimony of his symptoms credible, and there, and I believe that he will also be able to make note with his in-service medical records of things that the board neglected to look at when they, when they made their determination. Other characteristic manifestations of the onset of his disease. As the, as the statutes note, this is a chronic disease, and the onset isn't always well documented, and it's insidious, and sometimes symptoms, you know, show up and then disappear. For example, the only lay testimony that the board accepted was the testimony of the gentleman in 1966 that Mr. Gardin had failed a physical for GE because he had failed a blood test, he was diabetic. And then inexplicably, two months or one month later, he passed it, the characteristic of an insidious disease. One day you test positive, one day you test negative. So I honestly believe that on remand to the board, Mr. Gardin will be able to show that he had characteristic manifestations of the disease, and that a later medical diagnosis supported it. But there still has to be a nexus at the time of his time in service, whether it was caused by it, or whether it was essentially increased by the fact that he was in the service, right? No, I don't believe that's correct. Do we need a nexus back to the service time period? With a chronic disease that is shown to manifest itself within 10% during service or within the presumptive period that is later diagnosed, all you have to show is that there was a manifestation of it. There's no causal relationship. 3.309 defines the chronic diseases that if they are developed or have manifestations during the presumptive period, and then they're diagnosed later, they're presumed to have their onset. So the veteran still has to show the manifestation? He has to show a manifestation, yes, and if that manifestation is a symptom that is reported in medical history, or it is a symptom that lay testimony supports, and then the diagnosis later supported by medical diagnosis, or that connection is supported with a later medical diagnosis, then the connection is shown. But the manifestation that was shown in 1966 by lay evidence was after he had already been discharged two years later, if I recall correctly. Well, there's that lay testimony, but there's also the lay testimony of his brothers and his friends who gave statements that they recalled while he was in service that he had diabetes, he had to watch what he ate or drank, and then there's also the previous board's finding that his own lay testimony was competent to note symptoms that he experienced, including the craving of sweets and excessive thirst. And can a physician then later say, yes, those are symptoms of the onset of diabetes, those are characteristic symptoms of the onset of diabetes, and he was later diagnosed? The problem we have here is that there are no medical records between his discharge and his 1966-67 medical exam, and there is no requirement that you have medical records to show that he had the disease. That's what lay testimony is for. And moreover, in the time frame that the recollections of the lay testimony of his brothers and his friends, they don't contradict any medical testimony. There was no medical testimony to contradict. So the court also erred in discounting that lay testimony because it wasn't corroborated by contemporaneous medical testimony. Did the court reject it because it wasn't corroborated by medical testimony, or did they reject in general the lay testimony because it was inconsistent overall, that Mr. Garden's own testimony was sometimes it started this day, sometimes it started this other day, and that he was, it almost would have been better if he had offered no testimony. Then the lay testimony standing on its own of the other people would have been more compelling. But given that he might be in the position to have the best recollection, and yet his own recollection arguably is quite conflicted, it's difficult. It was a long time ago. He is older. He is ill. Yes, I agree. There are some issues with his own testimony. But isn't that the basis upon which the court rejected lay testimony? I have difficulty understanding or appreciating exactly where you say that they rejected it solely because of the lack of medical corroboration because I really interpreted their opinion as rejecting it because it was inconsistent overall. They found it not to be compelling. Well, their statement at 215 at the very top of the page where he says, the other lay statements, obviously referring to his brothers and his friends, not the gentleman from GE, they state, the other lay statements are not credible because they are in direct contradiction to the medical evidence. Well, the medical evidence they are in direct contradiction to is the medical evidence that they discussed previously and below. But there was no medical evidence at the time the lay statements were recalling. Well, I understand. Well, the lay statements, some of them indicate that he started taking insulin at his own condition, among others, that he started taking insulin as of a certain date. Well, then there is other medical evidence. There is in fact a medical record that indicates when he was first diagnosed with diabetes at a later date, he was resistant to taking insulin. And that's actually in the medical records, isn't it? But that doesn't necessarily mean... He was refusing to take it. So he's saying, I started taking it earlier. And in fact, there is an actual medical document that says he was refusing to take it at even a later period in time. Maybe refusing to take it at that time. We have to consider the timeframe of when Mr. Garden was seeing these people. This is before the Americans with Disabilities Act, as you saw the GE, he was not able to start work at GE because he failed a test. He possibly did not want to be on insulin because that would be in his medical records and maybe affect his ability to find a decent job. But we can't make any of those kind of an appeal. You're arguing as I... I'm sorry. Go ahead. I'm sorry. I'm not... I don't necessarily believe that the lay testimony that he was on insulin in 61, 62, whatever the year would be, 63, is inconsistent with telling a physician at a later time, I really don't want to start insulin. But you're... We don't get to make that fact-finding. Yes, that's true. If the board made it to the contrary, not really much we can do about it. Your argument, as I understood it, was they inappropriately rejected lay testimony because it was not corroborated with medical evidence. And so let me return you to the opinion because you were going to show me where in the opinion it says that, where the rejection seems to occur on the basis of a lack of corroborative medical evidence. Because the sentence you pointed me to doesn't say that. It just says that the medical evidence is directly contrary to lay statement. It doesn't say a failure to corroborate with your own medical evidence. Right. It's in direct contradiction to evidence, medical evidence, later down the road. However, he has lay testimony of symptoms, not just being on insulin, earlier. And there is no medical evidence one way or the other in that time period. And so... But I don't see the board opinion anywhere, and you haven't pointed me to it, which actually where it looks as though the board made a legal error, which is the only thing I'd be able to look at. Correct. And the legal error namely being they rejected lay evidence because it wasn't corroborated with medical records. That's what you argued in your brief. And I don't see how I can find that determination, that legal error in this board opinion. And so I'm hoping if it really does exist, because you certainly pointed me to the problem on page A214 with the not reviewing the actual medical records. I mean, that's clearly in the opinion. That error is there. So I'm looking for this other error that you said exists, and I'm not finding it. Well, I think it has to be... Their opinion isn't the... It's kind of all over the map. And I think it was essentially what they held. They didn't use the exact words that they had in the Buchanan decision where they said it wasn't corroborated by contemporaneous medical testimony. But I essentially believe that's what they held. There was no medical testimony or evidence at all during the time period to support the lay testimony. And so then they said it was inconsistent with later medical testimony. I think you can make that leap of logic. But let me get back to what you just raised, the issue on page 214. I want to point out that that is not harmless error. And it's not harmless error because this error increases the likelihood that Mr. Garden was erroneously denied his claim for benefits. And in addition, as I pointed out, the previous board had said, found his testimony credible of manifestations of symptoms that are consistent with diabetes. Okay, now you have covered that. You've used your rebuttal. We'll give you some time back when you hear from the government. Thank you. Good morning, your honors. May it please the court. There's a difference between not accepting lay evidence because it's unaccompanied by corroborating medical evidence. That was clearly rejected by this court in Buchanan and Jandro. But what this court expressly permitted in Buchanan and Jandro was to not accept competent lay evidence because it is in conflict with medical evidence in the record. That's a weighing of the evidence that the board is permitted to do expressly. And that's precisely what happened here. The fact that the board did accept the statement from the GE employee that Mr. Garden had diabetes in 1966, even though that was not supported by any contemporary medical evidence, is evidence that the board and the Veterans Court did not apply the rule of law that Mr. Garden claims that it did. With respect to the second argument that Mr. Garden raises, we agree that the statement in the Veterans Court's decision is imprecise. And were that the only statement in that opinion that might present a problem? Because clearly, the Veterans Court and the board can't reject a medical evidence, a medical opinion, solely because a claims file or service medical records haven't been reviewed. But what that statement was getting at, what it was a shorthand for was, what was the factual basis for the doctor's statement that Mr. Garden incurred diabetes in service? And was it Mr. Garden's own statements to the doctor, which the board had already concluded were not credible? Or was there some other factual basis? And that statement was a shorthand of describing what the board was trying to do to find any other factual basis upon which that statement might be made that the board and the Veterans Court could accept as supporting that. And what the board and the Veterans Court concluded was that there was no evidence that there was anything other than Mr. Garden's own statements to support the statement in the medical history that he had incurred diabetes during service. But how do we know that? The paragraph doesn't say, the only paragraph dealing with the rejection of this particular May 2004 document doesn't have anything at all like what you're telling us that you want us to believe is the basis that the board rejected it on. Are you referring to the Veterans Court's decision? Well, currently I'm looking at page A214. Yes. Well, I think what the court does is look on the very next page to page 215, where the board summarizes all of the medical evidence from the early 2000s that variously described that Mr. Garden had diabetes in his early 20s. I'm sorry, where, if you point me please to an exact sentence that you would like me to use as the basis for assuming that the board didn't reject it on the grounds they said they did, but rather rejected it on a different ground. The very, the first full sentence on page 214 starting with the board acknowledges that there are medical records stated this decade that suggest that the veteran's diabetes began in 1963. And then it continues on, the last sentence says the board will not accept this evidence as credible because it's contradictory to the evidence as a whole. Wait, wait, but before it gets to that point, the board acknowledges there are medical records and then it goes through several different things. There's a physician thing dated 2003. It's going through additional things. Why in the world should I interpret this paragraph as summarizing everything that was addressed previously rather than interpreting it as it exactly says, which is the board acknowledges there are medical records, then it goes through them, then it says it will not accept this evidence. Why should I assume this paragraph is responding to the earlier things as opposed to the things actually discussed in the paragraph? Well, I think that paragraph, I mean, the earlier few pages describe all of the evidence presented in this case. And then this is the summarizing paragraph of the later, the latter medical evidence from the late, from the 2000s. Are the two notes by treating physicians dated in 2003 discussed previously somewhere? Because I don't see them anywhere. I don't see this as a summing up. I see this as an analysis of yet additional medical evidence that is not treated anywhere else in the opinion. I don't believe it's right there. I agree, Your Honor, it's not. Well, wouldn't the better thing be for us to vacate, remand, and make it clear that because it's not just that the board mischaracterized what it's doing. The Veterans Court then parroted it, saying that this was rejected for this reason, namely that actual service records were not obtained. So wouldn't the more prudent thing for us to do would not be to try to massage something out of this opinion to make it legally correct, but rather vacate for the board to do it legally correct in the first instance? If this court can be convinced that the Veterans Court was not committing an error, and I agree that the Veterans Court's opinion is very brief and perhaps not as precisely written as it could have been. But I would point the court again to what the Veterans Court cited to, which is its own precedent in Mivas-Rodriguez, which is a case discussing the weighing of medical opinions. And what that case stands for is that the board is entitled to consider the factual basis and the factual predicates of medical opinions and medical testimony. And that's exactly what the board did here, was where is this statement that Mr. Garden incurred diabetes during service? Where does that come from? Does it come from a review of service medical records? Does it come from some other medical evidence? Or does it come from Mr. Garden's own inconsistent testimony? What about Dr. Sexton's report? Yes, that is what I'm referring to. Doesn't that really relate back to his time in service? Even though he did not look at the medical record? Dr. Sexton's report, I think, includes that he did have it during service time. Well, that is what this, right, it's on page 276. That is what Dr. Sexton says. The question is, why does Mr. Sexton say that? Does he say that because? Why couldn't Dr. Sexton rely on lay evidence at that point? Dr. Sexton absolutely can rely on lay evidence. And the Veterans Court has certainly held that that medical history, if it's a credible medical history given by a lay person, that doesn't mean that the doctor can't accept it. The problem we have here is that the board has already determined that Mr. Garden's own recitation of his medical history, particularly after he began seeking veterans' benefits, has been inconsistent and the board has found it not credible. So if that's the only basis for Dr. Sexton's statement that he incurred diabetes in service, then the board is entitled to give that statement little weight. But that's not what the board said. I mean, if the board had made the fact-finding that you're describing, actually opposing counsel said she wouldn't be here making this argument. The board didn't make that fact-finding. And we're an appellate forum, and especially in these veterans' cases, we don't get the luxury of doing that. So shouldn't this be vacated back? If the court can't find that the board's statements in the Veterans Court statements were shorthand for what is the factual predicate for those statements by Dr. Sexton, or that the larger holding of the board that the later statements given in 2000s that Mr. Garden's diabetes incurred 40 years ago, when in fact, or during service when his early 20s, which differed from statements made prior to his seeking benefits from the Veterans Court, then yes, I think at this court, that that statement standing by itself is not correct. But we think that the board's decision and the veterans' decision as a whole can be affirmed. Because we just don't believe that that's the holding of the Veterans Court. That statement, that medical record was discounted solely because there was not a review of service claims file. I think that it was discounted more because Mr. Garden was the source of those statements. And that is certainly permissible weighing of the evidence that this court could affirm. The court has no further questions. We would respectfully request that the court dismiss the case for lack of jurisdiction or affirmance. I'll be brief. Unfortunately, there is nothing else in either opinion that either the board or the CAVC relied on when they stated that they discounted Dr. Sexton's report for failure to review the claims file. We can't, we cannot recreate the board's decision. We can't recreate the CAVC's decision merely because they said something with regard to other medical testimony. It's clear they discounted this medical testimony solely on the basis that this physician did not review the claims file. That's clear legal error. And because the legal error was made at the board level, Mr. Garden deserves the opportunity to go back to the board of representation to ensure that the board properly weighs the evidence under the correct standard and the evidence that he has presented over the past however many years, 40 years since his discharge from service. We ask for remand from this court to the CAVC with instructions to remand to the board. Thank you. Thank you.